IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ERICA MURIN, PIERRE PAGE
and all those similarly situated,            CLASS REPRESENTATION
                                   COLLECTIVE ACTION REPRESENTATION
       Plaintiffs,
                                   Case No.
v.

STAR ISLAND ENTERTAINMENT, LLC
d/b/a Icon Miami; EMILIO GUERRA; LUIS PUIG;
JUSTIN LEVINE; and ROMAN K. JONES

       Defendants.

---

COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FLSA AND
CLASS ACTION COMPLAINT FOR UNPAID WAGES

---

Plaintiff, Erica Murin, individually and on behalf of all others similarly situated, sues the

above captioned Defendants, Star Island Entertainment, LLC d/b/a Icon Miami; Emilio Guerra,

Luis Puig; Justin Levine; and Roman K. Jones, for violations of the Fair Labor Standards Act.

Additionally, Plaintiffs Murin and Page sue the Corporate Defendant for violations of Florida Law

and Breach of Contract for failing to pay earned but unpaid wages.  Defendants failed to pay

appropriate wages for the final month of their employees' employment.

**INTRODUCTION**

1.     Plaintiff Murin alleges on behalf of herself and other current and former waiters, waitresses,

       hosts, and hostesses who elect to opt in to this action pursuant to 29 U.S.C. 216(b) that they

       are entitled to unpaid minimum wages due to the failure to pay complete wages for roughly

       the last month of their employment.

2.     Plaintiffs allege, pursuant to Florida Rule of Civil Procedure 1.220, on behalf of herself and a

class of other similarly situated current and former employees of Corporate Defendant in the state of Florida that they are entitled to unpaid wages under Florida Law and/or Breach of Contract for their unpaid wages due to the closing of the nightclub.

3.    Plaintiffs, and those similarly situated, are entitled to their unpaid minimum wages plus an equal amount in liquidated damages, unpaid wages, and reasonable attorneys' fees and costs.

**PARTIES**

4.    Plaintiff, Erica Murin, resides in Miami-Dade County, Florida. She began working for Defendants in 2016 as a waitress/hostess. At all times relevant, she was employed within the meaning of the Fair Labor Standards Act and Florida Statute 448.07(1).

5.    Plaintiff, Pierre Page, resides in Miami-Dade County, Florida. He began working for Defendants in 2016 as a promoter. At all times relevant, he was employed within the meaning of Florida Statute 448.07(1).

6.    Defendant, Star Island Entertainment, LLC, is a Florida Limited Liability Company with its principle place of business at 309 23rd Street, Miami Beach, FL 33139. Its registered agent is fellow Defendant Emilio Guerra with an address for service at 309 23rd Street, Miami Beach, FL 33139.

7.    Defendant, Emilio Guerra, is/was an officer/manager of the corporate Defendant. At all times relevant, Guerra was considered an employer under Florida Law and the FLSA.

8.    Defendant, Luis Puig, is/was an officer/manager of the corporate Defendant. At all times relevant, Puig was considered an employer under Florida Law and the FLSA.

9.    Defendant, Justin Levine, is/was an officer/manager of the corporate Defendant. At all times relevant, Levine was considered an employer under Florida Law and the FLSA.

10.   Defendant, Roman K. Jones, is/was an officer/manager of the corporate Defendant. At all times relevant, Guerra was considered an employer under Florida Law and the FLSA.

11.     Defendants have acted collectively and jointly as the employers of Plaintiffs and those

        similarly situated.

12.     Defendants operated a nightclub, Icon Miami, that employed Plaintiffs.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b)

        because this action raises a federal question under the Fair Labor Standards Act.

14.     This Court has jurisdiction over the State Law claim pursuant to 28 USC §1367 since it is so

        related to the FLSA claim that it forms part of the same case or controversy

15.     This Court has personal jurisdiction over Defendants because they are a Florida business

        that transacts business in this District. They are also headquartered in this District.

        Furthermore, the events giving rise to this litigation occurred in this District.

16.     Venue is appropriate in this Court under 28 U.S.C. § 1391(b) because Defendants transact

        business in this District and because the acts forming the basis of this Complaint occurred in

        this District.

## FACTUAL ALLEGATIONS

A. Coverage under the Fair Labor Standards Act.

17.     The Fair Labor Standards Act defines "employer" as a "person" who acts directly or

        indirectly in the interest of an employer in relation to an employee.[1]

18.     Courts have long afforded an expansive interpretation to the term "employer" to effectuate

        the broad remedial purposes of the Fair Labor Standards Act.[2]

19.     Defendants were "employers" under the Fair Labor Standards Act because they paid an

---

[1] 29 U.S.C. § 203(d).

[2] *See, e.g., Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. 2009).

hourly wage to their waitresses, waiters, hostesses, and hosts. Moreover, they controlled the terms and conditions of their employment by disbursing wages, setting work schedules, supervising conduct, reserving the right to terminate employment, and otherwise managing all conditions of employment.

20. Defendants employed more than two employees and generated more than $500,000 in gross revenue in each of the three years preceding the filing of this action.

21. As such, Defendants are subject to enterprise coverage under the Fair Labor Standards Act and are therefore bound by its terms.

22. Additionally, Plaintiffs are entitled to individual coverage under the FLSA as they regularly used the channels and instrumentalities of commerce in their work.

23. Plaintiffs worked as Defendants' employees within the meaning of the Fair Labor Standards Act.

B. Coverage under Florida Law

24. Florida Statute 448.07(1) defines an employer as any person who employs two or more employees.

25. Unpaid wages means the difference between the wages actually paid to an employee and the wages required to be paid to the employee including all compensation for services performed.

26. Plaintiffs are employees as they are individuals employed by an employer under the definitions of Florida Statute 448.07(1).

C. Defendants have violated the Fair Labor Standards Act

27. Plaintiff Murin and those similarly situated work in a nightclub. They are waitresses, waiters, hosts, and hostesses.

28. Plaintiff Murin was usually paid a nightly total of $150 plus commissions for table service.

She was paid bimonthly.

29. However, for her final two weeks of work, she only received approximately $71 for 5 days of work.

30. Murin worked approximately 8 hours per shift. At a minimum wage of $8.05 per hour, she should have been paid at least (approximately) $322 for this period.

31. None or few waitresses, waiters, hosts, and hostesses were compensated at their minimum wage rate for their final 2-3 weeks of work.

32. Defendants were aware of the provisions of the Fair Labor Standards Act governing minimum wages.

33. Defendants failed to consult an attorney to see if their minimum wage pay practices were consistent with the law.

34. Defendants failed to consult the Department of Labor to see if their minimum wage pay practices were consistent with the law.

35. Defendants failure to pay employees at the correct rate as determined by law was willful and intentional.

36. Defendants failed to make a good faith effort to comply with the Fair Labor Standards Act's minimum wage provisions.

37. In willfully and intentionally refusing to pay Plaintiff her minimum wages, Defendants violated the Fair Labor Standards Act.

38. The foregoing conduct constitutes willful violation of the Fair Labor Standards Act. Accordingly, Plaintiff is entitled to recover liquidated damages, in an amount equivalent to the amount of her owed minimum wages, under the Fair Labor Standards Act.

D. Defendants have failed to pay earned wages violating Florida Law and Implied Contracts

39. Defendants failed to compensate both Plaintiffs, and all/most of their employees, for all of

their hours worked.

40.    Specifically, Plaintiffs have not been compensated for their final pay period, August 15, 2016 to August 31, 2016.

41.    Plaintiffs and all/most employees performed worked and gained commissions for these pay periods.

42.    Despite working, Plaintiffs were not paid their proper compensation for these periods.

43.    Plaintiffs entered into implied contracts with Defendants by agreeing to work for Defendants in exchange for agreed compensation.

44.    Specifically, Plaintiff Murin was to be paid $150 per night worked.  Over approximately 5 days, she was only paid $71.11.  She is owed approximately $678.89 plus commissions.

45.    Specifically, Plaintiff Page was paid $200 per night.  He was not paid for his final 2 week's work.

46.    Plaintiffs are entitled to their earned but unpaid wages for their uncompensated pay period.

COLLECTIVE ACTION ALLEGATIONS

47.    Pursuant to 29 U.S.C. §206, Plaintiff Murin seeks to prosecute her FLSA claim as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time from three years prior to filing this Complaint until the entry of judgment in this case (the "Collective Action Period"), as waitresses, waiters, hosts, and hostesses and other comparable positions with different titles, who were non-exempt employees within the meaning of the FLSA, who did not receive proper minimum wage compensation (the "Collective Action Class").

48.    The Collective Action Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is dependent, are presently within the sole control of the

Defendants, upon information and belief, there are dozens of potential members of the Collective Action Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

49. Plaintiff will fairly and adequately protect the interests of the Collective Action Class and have retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

50. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual members of the Collective Action Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

51. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiffs and other members of the Collective Action Class are:

- Whether the Defendants employed members of the Collective Action Class within the meaning of the FLSA;

- Whether the Defendants kept records as to the amount of hours worked by their employees;

- Whether Defendants failed to pay members of the Collective Action Class at

least the proper minimum wage rate for all of the hours worked per workweek in violation of the FLSA and the regulations promulgated there under;

- Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

- Whether the Defendants are liable for all damages claimed thereunder, including, but not limited to, unpaid minimum wages, liquidated damages, interest, costs and disbursements, and attorneys' fees.

52. Plaintiff knows no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS REPRESENTATION ALLEGATIONS

53. Plaintiffs, Murin and Page, sue on their own behalf and on behalf of a class under Florida Rule of Civil Procedure 1.220(b)(1)(A) and (b)(2).

54. Plaintiffs bring their Florida Law, Breach of Contract, and Unjust Enrichment claims on behalf of all persons who were employed by Defendants at anytime within the last 1 year prior to filing this complaint, in the State of Florida, until the entry of judgment in this case (the "Class Period"), who have not been paid for all hours worked by them (the "Florida Class")

55. Although the precise number of such persons is unknown, the facts on which the calculation of that number is based are presently within the sole control of the Defendants.

56. The claims of Plaintiffs are typical of the claims of the Class and a class action is superior to other available methods for fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resource to vigorously prosecute a lawsuit in federal court against a defendant.

57. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

58. Plaintiffs are committed to pursuing this action and have retained competent counsel experience in wage and hour law and class action litigation.

59. Plaintiffs have the same interests in this matter as all other members of this Class and Plaintiffs' claims are typical of the Class.

60. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   - Whether the Defendants employed the members of the Class within the meaning of Florida Law;

   - Whether Defendants failed and/or refused to pay the members of the class for all of their hours worked including commissions;

   - Whether Defendants are liable for all damages claimed hereunder, including, but not limited to, unpaid wages, interest, costs and disbursements, and attorney's fees; and

   - Whether Defendants should be enjoined from such violations of Florida Law in the future.

## COUNT I

Unpaid Minimum Wages in Violation of the Fair Labor Standards Act 29 U.S.C. § 206
*As to All Defendants by Plaintiff Murin*

61. Plaintiff, on behalf of all those similarly situated, re-alleges and fully incorporates paragraphs 1-23, 27-38, and 47-52 as if fully stated here

62. At all relevant times, Defendants were "employers" under the Fair Labor Standards Act

63. At all relevant times, Defendants employed Plaintiff and the Collective Action Class under the Fair Labor Standards Act.

64. Plaintiff and members of the Collective Action Class are non- exempt under the Fair Labor Standards Act.

65. Plaintiff and members of the Collective Action Class were not paid minimum wages for all hours worked.

66. Defendants did not pay members of the Collective Action Class at the proper minimum wage rate of $8.05 per hour.

67. Accordingly, Plaintiff and members of the Collective Action Class have not received the proper compensation owed under the Fair Labor Standards Act.

68. Defendants' failure to pay Plaintiff at the proper minimum wage rate of $8.05 per hour is a violation of 29 U.S.C. §§ 206 and 216(b).

69. Defendants willfully violate the Fair Labor Standards Act within the meaning of 29 U.S.C. § 255(a) by knowingly failing to pay Plaintiffs and members of the Collective Action class the proper amount of minimum wage compensation.

70. As a direct and proximate result of Defendants' violations of the Fair Labor Standards Act, Plaintiffs and members of the Collective Action Class have suffered, and will continue to suffer, damages.

WHEREFORE, Plaintiffs and members of the Collective Action Class seek unpaid minimum wages, an equivalent amount in liquidated damages, interest, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT II
Unpaid Wages in Violation of Florida Law
*As to Defendant, Star Island Entertainment, LLC, by all Plaintiffs*

71. Plaintiffs and members of the Florida Class re-allege and fully incorporate Paragraphs 1-16,

24-26, 39-46 and 53-60 as if fully stated here.

72. At all relevant times, Defendant was the employer of Plaintiffs and members of the Florida Class.

73. At all relevant times, Plaintiffs and members of the Florida Class were employees of Defendant.

74. Under Florida Law, it is unlawful for an employer to pay an employee less than what they were supposed to be paid.

75. Defendant failed to pay Plaintiffs and members of the Florida Class for all hours worked. This has left wages unpaid to Plaintiffs and members of the Florida Class.

76. As a direct and proximate result of Defendant's failure to pay compensation owed, Plaintiffs and members of the Florida Class have suffered damages.

WHEREFORE, Plaintiffs and members of the Florida Class seek their unpaid wages, interest, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
Breach of Implied Contract
*As to all Defendants by all Plaintiffs*

77. Plaintiffs and members of the Florida Class re-allege and fully incorporate Paragraphs 1-16, 24-26, 39-46 and 53-60 as if fully stated here.

78. At all relevant times, Defendants were the employers of Plaintiffs and members of the Florida Class.

79. At all relevant times, Plaintiffs and members of the Florida Class were employees of Defendants.

80. Plaintiffs agreed to work for Defendants in exchange for agreed and certain compensation by Defendants. This is an implied contract between all Defendants and all Plaintiffs.

81. Defendants failed to pay Plaintiffs and members of the Florida Class for all hours worked at

the agreed compensation.  This is a breach of the implied contracts between all Defendants and all Plaintiffs within the Florida Class.

82.    As a direct and proximate result of Defendants' breach of the implied contracts, Plaintiffs and members of the Florida Class have suffered damages.

WHEREFORE, Plaintiffs and members of the Florida Class seek their unpaid agreed compensation, interest, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT IV
Unjust Enrichment
*As to all Defendants by all Plaintiffs*

83.    Plaintiffs and members of the Florida Class re-allege and fully incorporate Paragraphs 1-16, 24-26, 39-46 and 53-60 as if fully stated here.

84.    At all relevant times, Defendants were the employers of Plaintiffs and members of the Florida Class.

85.    At all relevant times, Plaintiffs and members of the Florida Class were employees of Defendants.

86.    Plaintiffs agreed to work for Defendants in exchange for agreed and certain compensation by Defendants.

87.    Defendants were the recipients of the benefit of services provided by Plaintiffs and members of the Florida Class.

88.    By services being rendered to Defendants by Plaintiffs and members of the Florida Class, Defendants retained customers who spent money or caused people to spend money within Defendants establishment.

89.    Defendants failed to pay Plaintiffs and members of the Florida Class their agreed compensation for services rendered.

90.    Defendants cannot simply pay back the benefit they received as it was a service rendered by

Plaintiffs.  This time spent can only be repaid with monetary compensation.

91.    As a result of services rendered to Defendants by Plaintiffs and members of the Florida

Class and Defendants' failure to pay for these services, Defendants have been unjustly

enriched by Plaintiffs causing Plaintiffs to have suffered damages.

WHEREFORE, Plaintiffs and members of the Florida Class seek their unpaid agreed compensation,

interest, reasonable attorneys' fees, costs, and pre- and post-judgment interest.


JURY DEMAND

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all

questions of fact raised by this Complaint and on all other issues so triable.


Respectfully submitted this 16th day of February, 2017, by:

> **s/Ed Rosenberg**
> Ed Rosenberg (FBN: 88231)
> rer@sorondorosenberg.com
> Sorondo Rosenberg Legal, PA
> 1825 Ponce de Leon Blvd. #329
> Coral Gables, Florida  33134
> Telephone: (786) 708-7550
>
> *Counsel for Plaintiff(s)*