IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ERICA MURIN, PIERRE PAGE
and all those similarly situated,

    Plaintiffs,

Case No.  1:17-cv-20614-FAM

v.

STAR ISLAND ENTERTAINMENT, LLC
d/b/a Icon Miami; EMILIO GUERRA; LUIS PUIG;
JUSTIN LEVINE; and ROMAN K. JONES

    Defendants.

**JOINT MOTION FOR APPROVAL OF FLSA
SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, ERICA MURIN and PIERRE PAGE ("Plaintiffs"), and Defendants, STAR ISLAND ENTERTAINMENT, LLC; EMILIO GUERRA; LUIS PUIG; JUSTIN LEVINE; and ROMAN K. JONES  ("Defendants") (collectively "the Parties"), jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice.  The Settlement Agreement between Plaintiffs and Defendants is being emailed for in camera review.

    I. **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees.  First, 29 USC 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c);

*Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiffs' FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiffs against their former employer, which was adversarial in nature.

The settlement agreement includes every term and condition of the Parties' settlement.

The Parties agree that the instant action involves disputed issues regarding the Plaintiffs' claimed unpaid wages and damages potentially available to Plaintiffs. The Parties further agree

that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiffs and Defendants discussed (extensively) the Plaintiffs' alleged unpaid wages, the clock in/out procedures, the applicability of defenses, calculation of damages, and formulated their own proposed settlement figures. The Parties then engaged in detailed and extensive settlement discussions, based upon their independent calculations. The Parties then voluntarily agreed to the terms of their settlement at the conclusion of their negotiations.

**II. Terms of Settlement**

This case involved a claim for unpaid wages for Mr. Page and unpaid wages and minimum wages for Ms. Murin. The Plaintiffs worked for Defendants which, at all times, employed the Plaintiffs. The Parties had several in depth discussions on damages and exchanged detailed information concerning the Plaintiffs' pay, hours worked, and time records. Given the Parties' respective positions on the issue of damages, the Parties agree that they would incur great expense litigating, far more than those damages could birth. Given the amount claimed compared to what the time records show, the Parties agree that the sums agreed to represent a fair compromise. As a result, the settlement agreed upon in this matter as full and final settlement, inclusive of attorneys' fees and costs, is fair and equitable under the teachings of *Lynn's Food Stores*.

The attorney's fees and costs have been negotiated and will be paid separately from Plaintiffs' recovery. Counsel for Plaintiffs further stipulates that the amount recovered in attorney's fees and costs is fair and reasonable, and that he accepts this in full satisfaction of the attorney's fees and costs incurred on the Plaintiffs' behalf. In fact, Plaintiffs' counsel discounted the rate in order to facilitate the settlement. The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice.

Respectfully submitted this 23rd day of May by:

| | |
|---|---|
| /s/ R. Edward Rosenberg | /s/ Aaron Resnick |
| R. Edward Rosenberg, Esquire | Aaron Resnick, Esq. |
| Email: rer@sorondorosenberg.com | aresnick@thefirmmiami.com |
| Sorondo Rosenberg Legal, PA | The Law Offices of Aaron Resnick, P.A. |
| 1825 Ponce de Leon Blvd, #329 | 100 N. Biscayne Blvd, #1607 |
| Coral Gables, Florida 33134 | Miami, FL 33132 |
| Telephone: (786) 708.7550 | (305) 672-7495 |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 23, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send copies to all parties of record. Any parties who have not made an appearance by the time of filing will be sent a copy of this statement of claim upon their appearance.

/s/ R. Edward Rosenberg
R. Edward Rosenberg, Esq.